IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WALLACE ROBINSON, SR.**                                          **PLAINTIFF**
**ADC #169328**

**V.**                   **NO. 4:21-cv-00089-JM-ERE**

**SHIRLEY LUBIN**                                                     **DEFENDANT**

## ORDER

Pending before the Court is Plaintiff Wallace Robinson, Sr.'s motion for additional time to file his response to Defendant Shirley Lubin's motion for summary judgment raising the issue of exhaustion. *Doc. 25*. In the motion, Mr. Robinson also requests that the Court issue an "injunction placed on [officers at the Delta Region] from hindering me and denying me access to the Courts." For good cause, Mr. Robinson may have an additional fourteen days to respond to Defendant Lubin's motion. However, his request for preliminary injunctive relief is denied.

When deciding whether to grant preliminary injunctive relief, the Court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981)). Importantly, because a preliminary injunction is an "extraordinary remedy,"

the movant bears "the burden of establishing the propriety" of such relief. *Id.* The Eighth Circuit has emphasized that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

In this case, Mr. Robinson is proceeding on an excessive force claim against Defendant Lubin. The preliminary injunctive relief he seeks is completely unrelated to the claim at issue in this lawsuit. For this reason alone, the requested injunctive relief must be denied. If Mr. Robinson wants to pursue a First Amendment access-to-the-courts claim, and related injunctive relief, he must do so in a new lawsuit.

IT IS THEREFORE ORDERED THAT:

1. Mr. Robinson's pending motion *(Doc. 25)* is GRANTED, in part, and DENIED, in part.

2. Mr. Robinson's response to Defendant Lubin's motion for summary judgment is now due by September 17, 2021.

3. Mr. Robinson's request for preliminary injunctive relief is DENIED.

DATED this 2nd day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE