# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WALLACE ROBINSON, SR.**　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #169328**

V.　　　　　　　　NO. 4:21-cv-00089-JM-ERE

**SHIRLEY LUBIN**　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation for dismissal has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Background

Plaintiff Wallace Robinson, Sr., an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983 alleging that Defendant Shirley Lubin (formerly Wilson) used excessive force against him on

April 20, 2018.[1] *Doc. 1*. This lawsuit is the third lawsuit that Mr. Robinson has filed based on these facts. See *Robinson v. Wilson, et al.*, 4:20-cv-00392-BSM-JJV (E.D. Ark. Aug. 6, 2020); *Robinson v. Straughn, et al.*, 5:19-cv-00010-DPM-JJV (E.D. Ark. Aug. 16, 2019). The Court dismissed the claims raised in Mr. Robinson's prior two lawsuits because he failed to fully exhaust his administrative remedies. *Doc. 23-5*.

Now pending before the Court is Nurse Lubin's motion for summary judgment, brief, and statement of facts, arguing that Mr. Robinson failed to exhaust his administrative remedies with respect to his claims against her. *Docs. 21, 22, 23*. Mr. Robinson has responded to Nurse Lubin's motion for summary judgment. *Docs. 27, 28*. Thus, the issues are fully briefed and ripe for the Court's review.

**III.** <u>**Discussion**</u>

    **A.**    **The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss any claim raised in this action that was not fully exhausted *before* the lawsuit was filed. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted");

---

[1] The Court previously dismissed Mr. Robinson's claims against the ADC and CCS based on his failure to state a constitutional claim against those defendants. *Doc. 8*.

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Robinson to satisfy the ADC's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit *before* bringing this action.[2]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process. *Docs. 22-1 (AD 14-16); 22-2 (AD 19-20); 22-3 (AD 19-34)*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Docs. 22-1 at 17: 22-2 at 19; 22-3 at 19*.

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

At "Step One," the grievance process begins when an inmate submits, using a unit level grievance form, a claim to the designated unit-level problem solver within fifteen calendar days of the incident.[3] The statement of the claim must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate . . . ." *Docs. 22-1 at 5-6; 22-2 at 6; 22-3 at 6*. A problem solver then investigates the complaint, and if it cannot be resolved, he or she documents the resolution attempt at the bottom of the grievance form, and the inmate and the problem solver sign and date the form. *Docs. 22-1 at 6-8; 22-2 at 6-9; 22-3 at 6-9*. At this point, the inmate has three days to proceed Step Two, using the same form. *Docs. 22-1 at 8; 22-2 at 8; 22-3 at 8*.

At "Step Two," the inmate may file a formal grievance on the same form used at Step One, explaining why the informal resolution was unsuccessful. *Docs. 22-1 at 8; 22-2 at 9;22-3 at 9*. Within five days of receiving a formal grievance, a grievance officer provides the inmate a form that either acknowledges or rejects the grievance. *Docs. 22-1 at 9; 22-2 at 10; 22-3 at 10*. If the grievance is accepted, the acknowledgment form provides an expected response date, and if no response is

---

[3] Technically, an inmate's claim asserted at Step One does not become a formal "grievance" until it proceeds to Step Two, where it is then assigned a grievance number. Because ADC officials, when processing grievances, refer to the filing of a Step One informal resolution as filing a grievance, the Court will do the same.

received by that date, the inmate may proceed to "Step Three." *Doc. 22-1 at 9-10; 22-2 at 10-11; 22-3 at 10-11*.

At "Step Three," if the inmate receives no response or is unsatisfied with a response at Step Two, he or she may appeal to a deputy director, who either rejects the appeal or provides a response, at which point the grievance process is exhausted. *Doc. 22-1 at 11; 22-2 at 12; 22-3 at 12*.

Thus, to properly exhaust his administrative remedies with respect to each claim asserted against Nurse Lubin, Mr. Robinson was required to present his claim in a timely-filed grievance and appeal it through all three steps of the ADC's grievance process. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

### C. Mr. Robinson's Grievances

During the time period relevant to this lawsuit, Mr. Robinson submitted six medical grievances: (1) CU-18-441; (2) CU-18-528; (3) CU-18-623; (4) TU-20-369; (5) TU-20-828; and (6) TU-21-3. *Doc. 22-6 at 1*.

It is undisputed that ADC officials rejected the appeal of grievance TU-18-441 based on: (1) Mr. Robinson's failure to include Attachment I as required by the ADC grievance policy; and (2) his failure to timely file his appeal.[4] *Id.; Doc. 22-4 at 1*. It also is undisputed that ADC officials rejected grievance CU-18-528 as untimely. *Doc. 22-6 at 2; Doc. 22-4 at 6*.

In grievance TU-18-623, Mr. Robinson complained that "Mrs. Sanders" failed to provide him adequate mental health treatment and medication. *Doc. 22-4 at 9*. In grievance TU-20-369, Mr. Robinson complained that Nurse Perusich refused to take his "vitals." *Id. at p.11*. In grievance TU-20-828, Mr. Robinson complained that members of the ADC medical staff failed to evaluate him for COVID-19 related symptoms. *Id. at 15*. In grievance TU-21-3, he complained that ADC officials failed to timely respond to his grievances. *Id. at 19*. The issues raised in those grievances are not related to the claims raised in this lawsuit. In addition, it is undisputed that Mr. Robinson failed to appeal the health services' responses to grievances TU-18-623, TU-20-828, TU-20-369, and TU-21-3 to the deputy director. Accordingly, he

---

[4] In grievance TU-18-441, Mr. Robinson specifically complained that, on April 20, while he was in the infirmary, Ms. Wilson (now Lubin) wrapped a telephone cord around his neck and "tightened it to apply pressure." *Doc. 22-4 at 4*. The health services response to grievance TU-18-441 concludes, "[c]amera footage has been reviewed and correction [sic] action has been taken. Your grievance is found with merit but resolved." *Id. at 2*. Mr. Robinson disagreed with this decision as evidenced by his notation on his appeal that "[t]his matter is NOT resolved." *Id.* Accordingly, while the ADC grievance procedure does not require an inmate to appeal a favorable ruling, in this case, Mr. Robinson was not pleased with the response that he received. Therefore, he attempted to appeal that decision to the next level in the grievance process.

failed to fully exhaust his administrative remedies with regard to grievances TU-18-623, TU-20-828, TU-20-369, and TU-21-3.

Defendants attach the declaration of Jacqueline Buterbaugh, the ADC Medical Grievance Supervisor, to their motion. *Doc. 22-6.* Ms. Buterbaugh states that Mr. Robinson failed to complete the ADC inmate grievance process with respect to the medical grievances filed in the time period relevant to this lawsuit, and explains why. *Id*.

Mr. Robinson has not presented any evidence contradicting Ms. Buterbaugh's declaration. Nor has he come forward with any evidence that he was prevented from fully exhausting his administrative remedies with regard to the claims raised in this lawsuit. Without such evidence, Mr. Robinson has failed to create any dispute of material fact regarding his failure to fully exhaust his administrative remedies. Accordingly, Nurse Lubin is entitled to judgment as a matter of law with regard to Mr. Robinson's claims against her.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Nurse Lubin's motion for summary judgment *(Doc. 21)* be GRANTED. Mr. Robinson's claims against her be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

2. The Clerk be instructed to close this case.

DATED this 22nd day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE